IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:21-cr-0017-HEH |
| | ) |
| JOSHUA CLAYTON BRADY, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

**STATEMENT OF FACTS**

The United States and the defendant stipulate that the allegations contained in Count Three of the Superseding Indictment, and the following facts, are true, and had this matter proceeded to trial the United States could have proven them beyond a reasonable doubt:

**Background**

1.  From on or about February 15, 2016, to on or about June 18, 2016, in the Eastern District of Virginia and within the jurisdiction of this Court, defendant JOSHUA CLAYTON BRADY, also known as "Joshua Weston" and "Theo Schwarzman," employed, used, persuaded, induced, enticed, and coerced a minor (identified in the Superseding Indictment as Victim 2) to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing or having reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed; and that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any

1

means, including by computer; and such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

2. At all relevant times during the conduct described in this Statement of Facts BRADY resided in Chesterfield County, Virginia, in the Eastern District of Virginia.

3. Beginning prior to December 2015 and continuing through January 2020, defendant JOSHUA CLAYTON BRADY, also known as "Joshua Weston" and "Theo Schwarzman," sought out minor and adult females over the Internet, sometimes using www.seeking.com or www.SeekingArrangement.com, two Universal Resource Locators (URLs) used to access a website more commonly known as "Seeking Arrangement." "Seeking Arrangement" is a dating website that generally matches older and wealthier men and women with young men and women.

4. BRADY sometimes assumed false identities in his interactions with the minor and adult females he met. Among the identities he used were "Joshua Weston," purportedly a member of a wealthy family in the United Kingdom, and "Theo Schwarzman," who was purportedly the son of Person A (the Chief Executive Officer of Investment Company A, a private equity firm based in New York) and the brother of Person B (Person A's son and an officer in a film production company).

5. BRADY engaged in online sexual activity with some of the minor and adult females he met. The online sexual activity was occasionally recorded. On occasion, BRADY induced their participation in these activities by false representations about career opportunities or financial support he could offer them, or by threats and intimidation, including the threat of

2

exposing the females' participation in the sexual activity or their use of the dating websites.

7. BRADY induced some of the adult females to participate in a fraud scheme by the same false representations, threats, and intimidation described above. This fraud scheme operated in substance as follows:

a. BRADY, posing as "Theo Schwarzman," told the adult females that he had a friend named "Joshua Brady" and the false persona introduced the adult females to BRADY. Thereafter, acting at the direction of one of the false personas, the adult females sent funds directly to BRADY, added BRADY as an authorized user of their credit or debit cards, and purchased items for BRADY using those cards. At times, the minor and adult females, acting at BRADY's direction, opened new credit accounts for use in the scheme, providing false information about their employment and income during the application process.

b. Acting at BRADY's direction, the adult females often falsely claimed to the financial institutions that issued the credit and debit cards that the charges they incurred were fraudulent and made without their knowledge or consent. The financial institutions then removed the charges at issue from the credit card bills or account statements for the debit cards.

c. Acting at the fictitious "Schwarzman's" direction, some of the females also sent BRADY funds via wire transfer, believing that doing so would curry favor with "Schwarzman."

### Victim 2

8. The individual identified in the Superseding Indictment as Victim 2 was 16 years old when she registered with a "sugar daddy" dating website that generally matches older and wealthier men and women with young men and women. The website required that users be 18 years of age to register, and Victim 2 lied about her age to register. BRADY, using the username, "Theo Schwarzman," met Victim 2 on the website and threatened to expose Victim 2's lies about her age to register with the website unless she complied with various sexual demands. During this activity, Victim 2 was in the State of Illinois and BRADY was at his home in the Commonwealth of Virginia.

9. For approximately six months after meeting BRADY online, Victim 2 engaged in online sexually explicit activity, acting at BRADY's direction. BRADY then ceased contact with her.

10. In or around September 2018, BRADY, still using the false persona "Theo Schwarzman," re-initiated contact with Victim 2, who was then a college freshman and was over 18 years of age. "Theo Schwarzman" told Victim 2 that BRADY was a friend of "Schwarzman's," and that if she did not send BRADY money, "Schwarzman" would expose videos of Victim 2 engaged in sexually explicit activity. "Schwarzman" also claimed that he could intervene with federal immigration authorities to assist some of Victim 2's family members, who were not United States citizens, with changing their immigration status, and provide other financial assistance to Victim 2 and her family.

11. Thereafter, acting at "Schwarzman's" direction, Victim 2 made periodic payments to BRADY using Walmart payment transfer systems on or about the dates set forth below:

| | |
|---|---|
| 10/1/2018 | Transfer of $1,000 via Walmart Ria from Walmart in Forest Park, Illinois to BRADY at Walmart in Newport News, Virginia |
| 10/25/2018 | Transfer of $400 via Walmart Ria from Walmart in Forest Park, Illinois to BRADY at Walmart in Petersburg, Virginia |
| 10/29/2018 | Transfer of $392 via Walmart Ria from Walmart in Forest Park, Illinois to BRADY at Walmart in Colonial Heights, Virginia |
| 11/22/2018 | Transfer of $392 via Walmart Ria from Walmart in Forest Park, Illinois to BRADY at Walmart in Colonial Heights, Virginia |

12. Acting at "Schwarzman's" direction, Victim 2 allowed BRADY to make purchases using a debit card number issued in connection with her account numbered xxxxx3869 at JP Morgan Chase Bank. On December 10, 2018, Victim 2 also opened new accounts numbered xxxxx5935 and -6363 with JP Morgan Chase Bank for BRADY to use.

13. BRADY successfully used Victim 2's debit card number xxxxx3869 to purchase goods and services. Thereafter, acting at BRADY's request, Victim 2 falsely reported to JP Morgan Chase Bank that those purchases were fraudulent and had been made without her knowledge and consent. One such transaction was a December 7, 2018 purchase BRADY made in the amount of $51.86 at Valentino's Pizza in Richmond, Virginia.

14. While using the "Theo Schwarzman" persona, BRADY related that "Schwarzman" was a member of a wealthy and famous family, and that he was the son of Person A (the Chief Executive Officer of Investment Company A, a private equity firm based in New York) and the brother of Person B (Person A's son and an officer in a film production company).

During her interactions with "Theo Schwarzman" and BRADY, Victim 2 was unaware that they were one and the same, and that BRADY was using the "Schwarzman" persona to hide his real identity from her.

15. On September 12, 2019, officers with the Chesterfield County Police Department executed a search warrant at BRADY's residence, 19820 Oak River Drive, in Chesterfield County, Virginia, as part of an investigation into allegations unrelated to the charges in the instant Indictment. During the search, officers seized a black Asus laptop computer, model X555L, that belonged to BRADY, from BRADY's bedroom. In June of 2020, during the investigation that led to the Superseding Indictment, Federal Bureau of Investigation ("FBI") agents obtained a federal search warrant to search the contents of the Asus laptop.

16. A subsequent forensic examination of the laptop revealed saved chats that took place over the Internet application Skype between BRADY and Victim 2 that occurred between February 15, 2016, and June 18, 2016, when Victim 2 was 16 years old. BRADY utilized the username, "Theo Schwarzman" during these chats. Victim 2 expressly stated during these chat conversations that she was 16 years old. On several occasions during the chats, BRADY ordered Victim 2 to masturbate with her fingers and various objects in front of her web camera, stating that he would expose her past sexually explicit conduct to her family and friends if she refused. As Victim 2 masturbated over Skype in front of her web camera, BRADY used a software recording program entitled "Bandicam" to record the acts and subsequently saved the video recordings in a folder on his Asus laptop. The forensic examination of his laptop revealed that he had recorded and saved seven such videos of Victim 2 exposing her vagina to the camera and engaging in sexually explicit conduct, specifically masturbation.

17. Victim 2 also used "WhatsApp," a communication application with end-to-end encryption, to communicate with "Schwarzman." During the investigation that led to the instant Indictment, Victim 2 gave FBI agents permission to search her cellular phone. The search yielded multiple WhatsApp conversations between "Schwarzman" and Victim 2. During one such conversation, on November 14, 2018, Victim 2 complained to "Schwarzman" that BRADY had reduced the account balance in Victim 2's JP Morgan Chase Bank account to $8.50. "Schwarzman" claimed that he would try to intercede with BRADY to get him to stop using the cards.

18. On February 20, 2020, FBI agents interviewed BRADY at 19820 Oak River Drive. During that interview, BRADY stated that he had used the name "Theo Schwarzman" in the past but denied using it during the time frame relevant to the instant charges.

**Other Criminal Conduct**

19. BRADY engaged in similar, although not identical, courses of conduct with respect to other minor and adult females he met online, including, but not limited to, the individuals identified as Victims 1, 3, 4, and 5 in the Superseding Indictment. Forensic analysis of the Asus laptop described above yielded recordings of at least four other minor females engaged in sexually explicit activity at BRADY's direction. One of those minor females, Victim 1, was fourteen when she began engaging in that activity and turned fifteen during her periodic sexual interactions with BRADY. BRADY ordered Victim 1 on numerous occasions to expose her vagina to her web camera and masturbate, which BRADY recorded with the Bandicam software. Victim 5 was also a female under the age of 18 when BRADY, posing as "Joshua Weston," engaged in chats with her. Victim 5 exposed her vagina and masturbated on her web

camera, which BRADY recorded with the Bandicam software.

20. BRADY used the name "Joshua Weston" in his dealings with Victim 1. During 2019, BRADY also used that name during his in-person interactions with an adult and minor female who live in Chesterfield County. Both individuals would identify BRADY as the person they knew to be "Joshua Weston."

21. The individual identified as Victim 4 in the Superseding Indictment is a college student who met "Theo Schwarzman" through "Seeking Arrangement." Victim 4 met "Theo Schwarzman" in person. Victim 4 would identify BRADY as the person she knew to be "Theo Schwarzman." While using the "Schwarzman" persona, BRADY claimed to be an attorney. "Schwarzman" convinced Victim 4 to send money to BRADY and to allow BRADY to make charges on her debit card, after which Victim 4 claimed that the charges had been made without her knowledge and consent.

## Conclusion

22. The actions taken by the defendant as described above were taken willfully, knowingly, and with the specific intent to violate the law. The defendant did not take those actions by accident, mistake, or with the belief that they did not violate the law. Furthermore, the defendant specifically acknowledges that at no time during the events set forth in this Statement of Facts or in the Superseding Indictment did he believe that he was "Joshua Weston" or "Theo Schwarzman." The defendant was always well-aware that he was Joshua Clayton Brady and that he was using the personas of "Joshua Weston" and "Theo Schwarzman" to perpetrate the crimes charged in the Superseding Indictment.

23. This Statement of Facts recites facts necessary to provide an independent factual basis for the defendant's guilty plea. It does not necessarily recite all facts related to the defendant's involvement in the offense conduct or other criminal activity.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
Michael C. Moore
Assistant United States Attorney

_____
Samuel E. Fishel
Special Assistant United States Attorney

I have consulted with my attorney regarding this Statement of Facts. I knowingly and voluntarily agree that each of the above-recited facts is true and correct, and that had this matter gone to trial, the United States could have proven each one beyond a reasonable doubt.

_____
JOSHUA CLAYTON BRADY
Defendant

9

I am counsel for the defendant, JOSHUA CLAYTON BRADY. I have carefully reviewed this Statement of Facts with him and, to my knowledge, his decision to agree to this Statement of Facts is an informed and voluntary decision.

                                                              Charles A. Gavin, Esquire
                                                              Counsel for Defendant