IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSHUA CLAYTON BRADY,<br><br>Defendant. | Criminal No. 3:21CR017 |

## CONSENT ORDER OF FORFEITURE

Based on the plea agreement into which the defendant and the United States have entered, and finding the requisite nexus between the property listed below and the offense to which the defendant has pleaded guilty, the Court ORDERS that:

1. The following property is forfeited in its entirety, to include any hardware, software, data, and other content thereon, to the United States pursuant to 18 U.S.C. §§ 2253(a)(1) and (a)(3):

> **One (1) black ASUS laptop computer, model number X555L, S/N: F4N0CV200190154, seized from the defendant's home in South Chesterfield, Virginia.**

2. The United States shall seize all forfeited property and shall take full and exclusive custody and control of same, regardless of whether presently held by the defendant or a third party. The United States is further authorized to conduct any discovery proper in identifying, locating, or disposing of the forfeited property, pursuant to Fed. R. Crim. P. 32.2(b)(3).

3. This forfeiture order is final as to the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), but preliminary as to third parties who may have a legal interest in a specific property.

1

4. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property, and shall publish notice of the order in accordance with Fed. R. Crim. P. 32.2(b)(6).

5. Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the final publication of notice or receipt of direct written notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of an alleged interest in the property, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c)(1).

6. Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall have clear title to the property, pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), and shall dispose of the property in accordance with law.

/s/
Honorable Henry E. Hudson
Senior United States District Judge

Richmond, Virginia
Dated: May 25, 2022

The parties stipulate and agree that the aforementioned assets represent property described in 18 U.S.C. § 2253(a) and, as such, are subject to forfeiture thereunder. The defendant hereby waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment, and consents to the entry of this order. The defendant agrees not to file or interpose any claim to the property listed herein, in whole or in part, in any proceedings or manner whatsoever.

JESSICA D. ABER
UNITED STATES ATTORNEY

_____
Michael C. Moore
Assistant United States Attorney

_____
Samuel E. Fishel
Special Assistant United States Attorney

SEEN AND AGREED TO:

_____
Joshua Clayton Brady
Defendant

_____
Charles A. Gavin
Counsel for Defendant

3